**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ATILA BRAZ DA SILVA,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ERIKA ESTRADA,** *Assistant Field Office* | § | |
| *Director, El Paso Service Processing Center*; | § | **EP-26-CV-01324-DCG** |
| **MARY DE-ANDA-YBARRA,** *Field Office* | § | |
| *Director, El Paso, Texas*; | § | |
| **MARKWAYNE MULLIN,** *Secretary of the* | § | |
| *Department of Homeland Security*; **and** | § | |
| **TODD BLANCHE,** *Acting Attorney* | § | |
| *General of the United States*; | § | |
| | § | |
| | § | |
| *Respondents.* | § | |

## ORDER TO PAY FILING FEE OR FILE CORRECTED IFP APPLICATION

On May 8, 2026, *pro se* Petitioner Atila Braz Da Silva applied for permission to file a Petition for Writ of Habeas Corpus *in forma pauperis* ("IFP")—that is, without prepaying the applicable filing fee.[1] But Petitioner failed to disclose the "[a]mount of money that [he had] in cash or in a checking or savings account" as the IFP application form requires.[2] The Court therefore denied the Application without prejudice to Petitioner filing a corrected IFP application "that answer[ed] all of the questions on the application form."[3]

---

[1] *See* IFP Appl., ECF No. 1; *see also* Proposed Pet., ECF No. 1-1.

[2] *See* IFP Appl. at 2 (leaving that field blank).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] Order Den. IFP Appl., ECF No. 4, at 1.

Instead of filing a corrected application, Petitioner sent the Clerk of Court's office a money order in an attempt to pay the applicable filing fee.  The Clerk's office rejected that money order because Petitioner hadn't filled it out properly.  The Court can't take any action in this case until Petitioner either pays the filing fee or files a corrected IFP application.

Thus, by **July 13, 2026**, Petitioner **SHALL** either:

(1)    pay the applicable filing fee; or

(2)    file a corrected IFP application that answers all of the questions on the application form.

If Petitioner does not, the Court **WILL CONSIDER DISMISSING** this case for want of prosecution.[4]

---

[4] *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

*See also, e.g.*, *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993) ("[A] district court has inherent power to dismiss a case *sua sponte* for failure to prosecute, even though Federal Rule 41(b) only provides for such dismissal on a defendant's motion.").

*See also, e.g.*, *Joe v. Stickney*, No. 3:17-cv-2374, 2017 WL 7000282, at *2 (N.D. Tex. Dec. 29, 2017) ("Rule 41(b) generally applies to habeas proceedings."), *report and recommendation accepted by* 2018 WL 501587 (N.D. Tex. Jan. 19, 2018).

The Clerk of Court shall mail the following documents:

(1)     this Order;

(2)     a blank IFP application form; and

(3)     instructions on how *pro se* litigants may pay the applicable filing fee[5]

to the following addresses:[6]

Atila Braz Da Silva
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Atila Braz Da Silva
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 18th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[5] Those instructions are available under the caption "5. Filing Fee" at
https://www.txwd.uscourts.gov/filing-without-an-attorney/faqs-for-pro-se-filers/.

[6] Although the docket indicates that the Government is presently detaining Petitioner at the El Paso Service Processing Center rather than ERO El Paso Camp East Montana, *see, e.g.*, Proposed Pet. at 7; *see also* Certified Mail Return Receipt, ECF No. 10, at 1 (indicating that the U.S. Postal Service returned an order that the Court mailed to ERO El Paso Camp East Montana as undeliverable), the Court will mail the listed documents to both addresses just in case the Government relocates Petitioner while the mailing is in transit.